IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURELIO MARTIN SEPULVEDA,

    Plaintiff,               1:05-cv-01143 ALA P

vs.

J. WOODFORD, et al.,

    Defendants.           <u>ORDER</u>

_____/

Plaintiff Aurelio Sepulveda is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 6, 2007, plaintiff filed a first amended complaint. Review of that complaint finds that defendants are employees of a governmental entity.

**I**

Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this court] must accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006). Upon review, this court finds that the first amended complaint does not state a cognizable claim for relief.

## II

Plaintiff's first claim is that defendants were deliberately indifferent to his serious medical needs. "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4 (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

Plaintiff claims that "defendants have failed to afford [plaintiff] adequate medical care as the implemented medical policy dictated." First Amended Complaint at 24. However, plaintiff's complaint contains numerous dates upon which he was seen for medical treatment and received care.

According to plaintiff's complaint from the date of plaintiff's injury, December 24, 2001, to December 27, 2001, plaintiff sought and received some form of treatment each day. *Id*. at 11-12. On February 11, 2002, plaintiff was treated by an offsite specialist. *Id*. at 12. While plaintiff may not have agreed with the treatment he received, such treatment cannot be deemed deliberately indifferent. Additionally, while plaintiff states that his injury caused him significant pain, plaintiff does not claim that he requested medical attention or pain relief and was denied such by any specific defendant. As such, plaintiff's first claim fails to state a cognizable claim for relief.

**III**

Plaintiff's second claim is that as an insulin dependent diabetic, plaintiff is qualified for protection under the Americans with Disabilities Act ("ADA") and that defendant's have discriminated against plaintiff in violation of the ADA. *Id*. at 25. Plaintiff alleges that defendant's discrimination is evidenced by their failure to treat his "diagnosed neuropathy due to his diabetes ailment." *Id*.

Plaintiff's claim that defendant's have failed to treat his neuropathy revolves around the medication Gabapentin. More specifically, plaintiff claims that "[d]efendant's reasoning that [Gabapentin] is not allowed is a deliberate attempt to deceive and deviate plaintiff's logical and effective treatment for his neuropathy." *Id*. at 17.

This court is not aware of, and indeed plaintiff does not cite, case law holding that a

prisoner is entitled to a specific brand or type of medication.  Also, it seems that plaintiff is arguing that the defendant doctors determination that Gabapentin is not appropriate for plaintiff's condition, is wrong.  This court finds that such allegations do not support a cognizable claim.

## IV

Plaintiff's final claim is that plaintiff was subjected to false accusations and administrative punishment for filing complaints and appeals against medical staff.  *Id*. at 26.

Allegations of retaliation against a prisoner's First Amendment rights to speech may support a § 1983 claim.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68; *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (explaining that a plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

While plaintiff may have a valid claim based on retaliation, it is impossible to determine from the first amended complaint.  All that is clear from that complaint is that plaintiff and defendants disagreed over the best course of treatment and that plaintiff appealed defendants decisions.  Without more information, this court cannot determine if plaintiff was in fact the subject to retaliation based upon his First Amendment rights.

## V

To proceed Plaintiff must file a second amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

4

legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading

1  within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many
2  defendants with unexplained, tenuous or implausible connection to the alleged constitutional
3  injury or joining a series of unrelated claims against many defendants very likely will result in
4  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
5  pursuant to FED. R. CIV. P. 41 for violation of these instructions.

6  An amended complaint must be complete in itself without reference to any prior
7  pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
8  files an amended complaint, the original pleading is superseded.

9  Plaintiff is admonished that by signing an amended complaint he certifies he has made
10 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
11 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R.
12 CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may
13 be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL.
14 ADMIN. CODE § 3005.

15 A prisoner may bring no § 1983 action until he has exhausted such administrative
16 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
17 *v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an
18 amended complaint he certifies his claims are warranted by existing law, including the law that
19 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
20 his action.

21                                     **VI**

22  Therefore, IT IS HEREBY ORDERED that:

23      1. Plaintiff's December 6, 2007, first amended complaint is dismissed; and

24      2. Plaintiff is granted thirty-five (35) days from the date of this order to file a
25  second amended complaint. Failure to do so may result in dismissal of this action.

26  /////

27  Dated: February 25, 2008                    /s/ Arthur Alarcón
                                                UNITED STATES CIRCUIT JUDGE
28                                              Sitting by Designation