# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO SEPULVEDA, | CASE NO. 1:05-cv-01143-AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 20) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Screening Requirement**

Plaintiff Aurelio Sepulveda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 9, 2005. On July 10, 2007, this action was re-assigned to Judge Alarcon. On February 26, 2008, plaintiff's first amended complaint was dismissed for failure to state any cognizable claims for relief, with leave to file a second amended complaint. This action was then re-assigned to Judge Ishii and the undersigned on March 5, 2008. Plaintiff filed a second amended complaint on March 17, 2008. (Doc. 20).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Summary of Plaintiff's Second Amended Complaint

Plaintiff is currently housed at Corcoran State Prison. The events giving rise to the claims at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility (CSATF) and at Corcoran State Prison. Plaintiff alleges a violation of the Eighth and First Amendments of the United States Constitution and the Americans with Disabilities Act. Plaintiff names Jeanne Woodford, Dr. Shu-Pin Wu, Registered Nurse Diane McKay, Senior Medical Technician Assistant D. Overly, Dr. William McGuinness, and Nurse Practitioner P. Daguman as defendants.

### A.   Linkage Requirement - Defendant Woodford

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff names Jeanne Woodford as a defendant in this action but fails to make an specific allegations against her. Plaintiff was previously informed that he must specifically link the conduct of each defendant to the alleged deprivation(s) of a federal constitutional or statutory right, but has failed to do so. Plaintiff fails to give fair notice to defendant Woodford of his claims against her and the grounds upon which they rest, and therefore fails to state a claim upon which relief may be granted against defendant Woodford.

### B.  Plaintiff's Eighth Amendment Medical Care Claims

#### I)  Right Tear Gland Condition

Plaintiff alleges that on December 24, 2001 he suffered a blockage of his tear duct area by way of his silicone tubing. Plaintiff states that he filed a grievance concerning his medical care and was advised that he would be seen by an off-site specialist on February 7, 2002. Plaintiff states that he did not see a specialist, and so he re-submitted his appeal. Plaintiff states that defendant Overly interviewed plaintiff at the second-level appeal stage, and incorrectly stated that plaintiff refused medical treatment. Plaintiff contends that defendant Overly's comments caused a chain of events that were detrimental to the subsequent investigations plaintiff sought from the Office of the Inspector General, the Department of Consumer Affairs, and the Medical Board of California.

Plaintiff alleges that defendant McKay wrongly assumed that plaintiff no longer had a medical problem and therefore did not schedule plaintiff for surgery.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical

care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has sufficiently alleged the existence of a serious medical need.  However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Overly, who interviewed plaintiff and reported his findings as part of the second level appeal response.  Although plaintiff contends that defendant Overly made errors and false statements in his report, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

"Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.  Plaintiff fails to state a claim against defendant Overly.

Plaintiff's allegations are also insufficient to support a claim against Defendant McKay.  Plaintiff contends that defendant McKay was unable to read the doctor's writing and was under the assumption that Plaintiff no longer had a problem.  These factual allegations do not support any inference that Defendant

McKay "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837, and in fact suggests that defendant McKay was unaware of any risk of harm to plaintiff.

Accordingly, with respect to his right tear gland condition, Plaintiff fails to state a claim against defendants Overly and McKay for violation of the Eighth Amendment.

### ii) Diabetic Neurapathy

Plaintiff alleges that on March 17, 2002, plaintiff was diagnosed with diabetic neurapathy and was taken to San Joaquin Community Hospital for treatment on July 26, 2002. Plaintiff alleges that defendant McKay failed to schedule plaintiff's follow-up visits. Plaintiff alleges that defendants McKay and Wu are conspiring to delay plaintiff's treatment. Plaintiff alleges that from February 2003 to August 2005 he was seen by defendant Wu for both his right tear duct problem and also his neuropathy. Plaintiff alleges that defendant Wu failed to refer or process the paperwork to allow him to see an off-site specialist for his conditions. Plaintiff also alleges that defendant Wu failed to provide plaintiff with any pain medication.

Plaintiff has sufficiently alleged a cognizable claim for violation of the Eighth Amendment by defendant Wu. However, plaintiff fails to state a claim against defendant McKay. Defendant McKay's failure to schedule plaintiff's follow-up appointments, without more, does not rise to the level of a constitutional violation. Plaintiff has not alleged that defendant McKay knew of and disregarded an excessive risk to plaintiff's health. Farmer, 511 U.S. at 837. Plaintiff was previously provided with the legal standards for stating a cognizable Eighth Amendment medical care claim, but again fails to state a cognizable claim. Therefore, the Court recommends that plaintiff's claims against defendant McKay be dismissed with prejudice.

### a) Conspiracy Claims

Plaintiff further alleges that he is being denied any pain medication for his neurapathy unless he agrees to take Elavil, which plaintiff contends is a psychotropic drug used to treat depression. Plaintiff contends that he does not suffer from depression or any mental illness and that taking such a drug would be harmful to his mental health. Plaintiff alleges that defendant Wu and all "subceeding" defendants are engaged in a conspiracy to deprive him of pain medication. Plaintiff has alleged a violation of the Eighth Amendment.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the

minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff's conspiracy allegations are speculative at best. Plaintiff has not alleged facts sufficient to state a claim that there existed an agreement or meeting of the minds between defendants to violate his constitutional rights. Plaintiff fails to state a cognizable conspiracy claim.

### iii) Defendant Daguman

Plaintiff alleges that he was transferred to Corcoran State Prison in July 2005, and continued to grieve his medical treatment. Plaintiff alleges that defendant Daguman responded to plaintiff's grievance at the first level. Plaintiff alleges that defendant Daguman falsely accused plaintiff of not complying with medical orders, voiced her unqualified medical opinion, and over-rode a specialist's recommendation for diabetic socks. Plaintiff further alleges that defendant Daguman prescribed Elavil for plaintiff's pain without his knowledge, thus placing plaintiff's mental health at risk. (Second Amended Complaint, Doc. 20, ¶¶66-68).

As stated above, "[a prison] grievance procedure is a procedural right only, it does not confer any

substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

"Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff fails to state a claim against defendant Daguman.

    **C.    Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA")**

Plaintiff alleges that defendants Wu, McKay, Overly, McGuinness, and Daguman have violated his rights under the ADA by denying him treatment for his neurapathy.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise

qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

Plaintiff fails to state a claim against the defendants for violation of the ADA. Lack of treatment concerning Plaintiff's medical conditions does not provide a basis upon which to impose liability under the ADA

### D.   Plaintiff's First Amendment Claims [1]

Plaintiff alleges that he filed numerous grievances concerning defendant Wu. Plaintiff contends that defendant Wu then retaliated by authoring a CDC 128 B disciplinary chrono about plaintiff. (Second Amended Complaint, Doc. 20, ¶¶ 47-49).

---

[1] Plaintiff characterizes his First Amendment retaliation claim as arising under 5 U.S.C. §552, which is the Freedom of Information Act (FOIA). It is unclear to the Court how his allegations of retaliation implicate FOIA.

Plaintiff further alleges that he has endured hostility, abuse, and harassment from all defendants in retaliation for pursuing his grievances about his medical care. (Id., ¶72).

Finally, plaintiff alleges that defendants Wu, McKay, Overly, McGuinness, and Daguman are engaged in a conspiracy to violate his First Amendment rights. (Id., ¶90).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has sufficiently stated a claim for retaliation against defendant Wu, in violation of the First Amendment. However, general allegations that all defendants are acting in retaliation are not cognizable. Plaintiff must give defendants fair notice of the grounds upon which his retaliation claim rests, and vague allegations of hostility, harassment or abuse does not provide fair notice to the defendants. Swierkiewicz, 534 U.S. at 512.

Finally, Plaintiff's allegations of a conspiracy by defendants Wu, McKay, Overly, McGuinness, and Daguman to violate his First Amendment rights also are not cognizable. Again, plaintiff has not alleged facts sufficient to state a claim that these defendants entered into an agreement or meeting of the minds to violate plaintiff's First Amendment rights.

### E.   Attorneys Fees

"In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

///

### III. Conclusion and Recommendation

The Court finds that Plaintiff's third amended complaint states claims under section 1983 against Defendant Wu for violation of the First and Eighth Amendments. However, Plaintiff fails to state a claim against Defendants McKay, Woodford, McGuinness, Overly, and Daguman. Plaintiff has amended two times, once pursuant to an order of the Court, and was previously provided with the applicable legal standards. Accordingly, the Court recommends that further leave to amend not be granted, and this action be ordered to proceed only on those claims identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's second amended complaint, filed March 17, 2008, against Defendant Wu for retaliation and violation of the Eighth Amendment;

2. Plaintiff's Americans with Disabilities Act 42 U.S.C. § 12132 claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

3. Defendants McKay, Woodford, McGuinness, Overly, and Daguman be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2008**         /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE