# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO SEPULVEDA,<br><br>    Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-01143-AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 22) |

Plaintiff Aurelio Sepulveda ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 12, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Since the Magistrate Judge entered were served on Plaintiff, the Supreme Court decided Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Under this new case, a plaintiff faces "a higher burden of pleadings facts." al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While Plaintiff's factual allegations are accepted as true, the court is "not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). The court agrees that the allegations against Defendants McKay, Woodford, McGuinness, Overly, and Daguman so not set forth sufficient factual matter "to state a claim that is plausible on its face. See Iqbal, 129 S.Ct. at 1949. The theories of liability proposed in the objections require the court to indulge in unwarranted inferences about each Defendant's conduct from the complaint's facts.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 12, 2008, is adopted in full;
2. This action shall proceed on Plaintiff's second amended complaint, filed March 17, 2008, against Defendant Wu for retaliation and violation of the Eighth Amendment;
3. Plaintiff's Americans with Disabilities Act 42 U.S.C. § 12132 claim is dismissed for failure to state a claim upon which relief may be granted under section 1983; and
4. Defendants McKay, Woodford, McGuinness, Overly, and Daguman are dismissed from this action based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

**Dated:   October 26, 2009**              **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE