# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO MARTIN SEPULVEDA, | CASE NO. 1:05-CV-01143-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE |
| v. | DISCOVERY AS MOOT (DOC. 55) |
| JEANNE WOODFORD, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART (DOC. 57) |
| Defendants. / | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Aurelio M. Sepulveda ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant Shu-Pin Wu ("Defendant") for deliberate indifference to a serious medical need in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

Pending before the Court is: 1) Plaintiff's motion for extension of time to serve Defendant with discovery, filed July 5, 2011; and 2) Plaintiff's motion to compel, filed July 22, 2011. Docs. 55, 57. Defendant filed an opposition on August 8, 2011. Doc. 58. Plaintiff filed a reply on August 29, 2011. Doc. 59. The matter is submitted pursuant to Local Rule 230(l).

I. **Motion For Extension Of Time**

On July 5, 2011, Plaintiff filed a motion for extension of time to serve Defendant with discovery requests. Plaintiff moved for an extension to the discovery cut-off date. Plaintiff's motion is moot. The Court previously granted Plaintiff's prior motion for modification of the discovery cut-off date to September 12, 2011. Accordingly, Plaintiff's motion for extension of

1

time, filed July 5, 2011, is denied as moot.

## II. Motion To Compel

Plaintiff moves to compel the production of the following documents: 1) Plaintiff's medical records from the relevant time periods from consultations outside of prison, 2) any administrative appeals or complaint filed against Defendant Wu; 3) a March 22, 2004 memorandum authored by chief psychiatrist J. Pitts regarding the prescription of neurontin. Pl.'s Mot. Compel 6-9.

### A. Request No. 1

Plaintiff requests documents from UCSF Medical Center, San Joaquin Community Hospital, and the Riverside County Regional Medical Center. *Id.* at 6. Defendant has subpoenaed these documents, and concedes possession.[1] Def.'s Opp'n 2. Defendant does not dispute the relevance of these documents. However, Defendant argues that Plaintiff should be required to pay for copies. *Id.* Additionally, Defendant contends that Plaintiff moves to compel discovery requests before the time allotted to respond had expired, rendering Plaintiff's motion to compel premature. *Id.* at 3. Plaintiff contends that he is entitled to these documents because they are relevant and he cannot afford to pay for copies. Pl.'s Reply, Doc. 59.

Plaintiff contends that he served his discovery requests on June 28, 2011. Pl.'s Mot. Compel 4. Pursuant to the Court's Discovery and Scheduling Order, the party responding to discovery requests is granted forty-five days in which to serve its response. Order, Doc. 42. Thus, for discovery requests served on June 28, 2011, the responding party would have up to August 12, 2011 to serve a response. Plaintiff's motion to compel, filed July 22, 2011, is premature.

The Court will nonetheless consider Plaintiff's motion. On October 14, 2011, Plaintiff filed a motion for extension of time to file an opposition to Defendant's motion for summary

---

[1] Defendant initially denied possession of Plaintiff's relevant medical records from San Joaquin Community Hospital and Riverside County Regional Medical Center. Def.'s Opp'n 3, Doc. 58. In a subsequent declaration, Defendant's counsel now admits to possession of these records via subpoena. Beene Decl., Doc. 60.

2

1  judgment. Pl.'s Mot., Doc. 63. In that motion, Plaintiff contends that he requires this discovery
2  in order to properly prepare his opposition. Mot. 2. Summary judgment is disfavored where, as
3  here, relevant evidence remains to be discovered. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir.
4  2004). The Court will consider the merits of Plaintiff's motion.

5     The remaining dispute is whether Plaintiff is required to pay for copies of Defendant's
6  documents subpoenaed from the three outside centers. Requiring the requesting party to pay for
7  costs of copying has been upheld by many courts. *See*, *e.g.*, *Mezu v. Morgan State Univ.*, 269
8  F.R.D. 565, 575 (D. Md. 2010); *Clever View Investments, Ltd. v. Oshatz*, 233 F.R.D. 393, 394
9  (S.D.N.Y. 2006); *Monarch Ins. Co. v. Spach*, 281 F.2d 401, 413 n.30 (5th Cir. 1960);. Nothing
10 in the Federal Rules of Civil Procedure prevent Defendant from charging Plaintiff for copies.

11    However, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the requesting
12 party may request that the responding party "produce and permit the requesting party . . . to
13 inspect, copy, test, or sample" relevant documents. Fed. R. Civ. P. 34(a)(1). Though Plaintiff
14 may be charged for copies, he must be permitted to inspect relevant documents in the possession
15 of Defendant. Accordingly, Defendant will be required to produce for Plaintiff's inspection the
16 relevant medical records obtained by Defendant's subpoena from UCSF Medical Center, San
17 Joaquin Community Hospital, and the Riverside County Regional Medical Center. The Court
18 will not direct Defendant on the method by which they will comply with the Court's order.
19 However, it has been the Court's experience that coordination with the litigation coordinator at
20 the prison where Plaintiff is currently incarcerated may facilitate the process.

21    **B.    Requests Nos. 2 and 3**

22    Plaintiff requests inmate grievances and complaints filed against Defendant Wu. Plaintiff
23 contends that such documents will demonstrate a history of unethical behavior towards inmates,
24 and an abuse of his position as a physician. Pl.'s Mot. Compel 8-9. Plaintiff is in effect seeking
25 character evidence to prove conduct. Fed. R. Evid. 404. Such character evidence is
26 inadmissible. *Id.* Plaintiff provides no explanation as to how such documents will be reasonably
27 calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b).
28 Accordingly, Plaintiff's motion to compel the production of these inmate grievances is denied.

Plaintiff requests the production of a March 22, 2004 memorandum from chief psychiatrist J. Pitts. Plaintiff contends that the memorandum indicated that the drug neurontin could not be used for psychiatric purposes, and if used for pain, required referral to the medical department for on-going prescription. Pl.'s Mot. Compel 9. Plaintiff contends that the memorandum would demonstrate that Defendant Wu had no "foundation" to deny the prescription for this drug, and would rebut Defendant's argument that he had a justified reason to deny such treatment. *Id.* Defendant does not address this argument. The Court finds that the memorandum is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The denial of a drug prescription to treat Plaintiff's alleged pain is relevant to the claims alleged in this action, and the memorandum is thus relevant under Rule 26. Accordingly, Plaintiff's motion to compel the production of these inmate grievances is granted.

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion to compel, filed July 22, 2011, is GRANTED in part as stated herein;

2. Defendant is required to produce for Plaintiff's inspection the relevant medical records subpoenaed from UCSF Medical Center, San Joaquin Community Hospital, and the Riverside County Regional Medical Center within **thirty (30) days** from the date of service of this order;

3. Defendant is required to produce for Plaintiff's inspection the March 22, 2004 memorandum from chief psychiatrist J. Pitts within **thirty (30) days** from the date of service of this order; and

4. Plaintiff's motion to compel the production of inmate grievances and complaints against Defendant Wu is denied.

IT IS SO ORDERED.

Dated:   **November 2, 2011**                                   **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE