# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO MARTIN SEPULVEDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHU-PIN WU, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01143-AWI-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 78)<br><br>ORDER VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND JUDGMENT (ECF Nos. 76, 77)<br><br>ORDER REOPENING CASE |

　　　　Plaintiff Aurelio Martin Sepulveda ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  This action proceeded against Defendant Shu-Pin Wu for retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On September 22, 2011, Defendant filed his motion for summary judgment.  On May 16, 2012, the Magistrate Judge assigned to this action issued Findings and Recommendations, recommending that Defendant's motion for summary judgment be granted.  On August 3, 2012, the undersigned adopted the Findings and Recommendations and directed the Clerk of the Court to enter judgment.  Pending before the Court is Plaintiff's motion for reconsideration, filed August 27, 2012.  ECF No. 78.  Because the motion was filed within twenty-eight days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

1

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff contends that he would be greatly prejudice if Plaintiff is not permitted to file objections the Findings and Recommendations. Plaintiff declares that he was never served with the Findings and Recommendations, and thus had no opportunity to file objections.

A review of the Court's docket indicates that Plaintiff did not receive service by mail of the Findings and Recommendations. This appears to be clerical error. Accordingly, to prevent manifest injustice, the Court will grant Plaintiff's motion for reconsideration and vacate the order adopting the Findings and Recommendations and the judgment.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed August 27, 2012, is granted;
2. The Order adopting the Findings and Recommendations, and the judgment, docketed on August 3, 2012, are vacated;
3. The Clerk of the Court is directed to re-open this action and to re-serve Plaintiff with a copy of the May 16, 2012 Findings and Recommendations; and
4. Within **fourteen (14) days** after being served with the Findings and Recommendations, the parties may file written objections with the Court. The

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 7, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3